SOUTHERN SURETY CO. OF NEW YORK v. HOLLIS et al.

No. 4089.

Court of Civil Appeals of Texas. Texarkana.
Dec. 26, 1931.

Rehearing Denied Jan. 7, 1932.

718

John T. Suggs, Sr., of Denison and Dallas, for appellant.

S. J. Callaway and Bryan, Stone, Wade & Agerton,·all of Fort Worth, for appellees.

WILLSON, C. J. (after stating the case as above).

In its brief appellant disavows any claim of a right in equity to a share of the dividends paid or to be paid by the receiver of the defunct bank on account of that bank's indebtedness to appellee. It rests its .claim of a right to such a share entirely on· the stipulation in the bond referred to in the statement above, that "in case of the payment of a loss on account of a default hereunder (quoting) the surety shall be .subrogated to such proportion of all rights of the obligee growing out of such loss, including dividends paid and to be paid out of the estate of the principal, as the amount so paid by the surety bears to the total deposit of the obligee at the ·time of such ·default."

The stipulation was not violative of law or public policy, and therefore was one the parties had a right to make. That being true, the validity of the judgment depends upon whether it appeared the contingency specified in the stipulation (that is, payment by the surety company of a loss on account of a default of the defunct bank) had happened or not. Appellee insists it appeared it had not happened, while appellant insists conclusive evidence that it had happened was furnished by the showing that the draft referred to in the statement above was paid. Appellee does not contend the draft was not paid, but seems to be in the attitude of insisting that the payment thereof was subject to the terms and conditions of the contract of April 14, 1930, set out in said statement, according to which (it is inferred the appellee thinks) the cashing of the draft was not to be ·treated as a payment on account of the loss in question. The contract, it will be· observed on referring to the copy in said statement, was with reference alone to dividends the receiver might pay in the future on account ·of appellee's claim against the defunct bank. There ·is nothing in it, as we construe it, inconsistent with the view that payment of the draft was intended by the parties to· be a payment on account of the loss in question. It is argued that the intent of the parties to the bond was to secure appellee in the sum of $20,000 against loss on account of any default of the defunct bank, and that so long as any part of the deposit remained unpaid appellant was not entitled to be subrogated to rights of appellee in the dividends in question. As we construe it, the language of the stipulation was unambiguous and not inconsistent with any other language used in the contract. Hence, the intent of the parties is determinable from that language

alone; and we think it evidences an intent to the contrary of that contended for by appellee.

We think the judgment is wrong and that it should have been in appellant's favor for $3,939.43 of the $9,010.12 dividends paid to the trustee bank and in favor of appellee for the $5,070.69 remaining of said $9,010.12. It will be reformed accordingly, and as so reformed will be affirmed.

### On Motions for a Rehearing.

In its motion appellant insists that as a result of miscalculation by this court the judgment rendered here awarded it only $3,939.43 of the $9,010.12 dividends paid by the receiver, when the award to it should have been of $7,000 instead. A recalculation shows the former calculation to be erroneous as claimed. Therefore appellant's motion will be granted and the judgment entered here will be so corrected as to award appellant $7,000 and appellee Hollis $2,010.12 of said $9,010.12 dividends.

We think the judgment rendered by this court is not erroneous in any other respect. Therefore the motion of appellee is overruled.